IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50797
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY WILLIAM HOWARD,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(USDC No. P-97-CR-65-1)
- - - - - - - - - - -
August 5, 1998

Before JOLLY, SMITH and WIENER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jeffrey William Howard appeals his conviction and sentence of 57 months' imprisonment for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Howard claims that the district court erred in denying his motion to quash the indictment, contending that neither the prior felony conviction nor the firearms he was charged with possessing were specified sufficiently to allow him to present an adequate defense. The record shows, however, that he possessed copies of documents

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

regarding his prior conviction and that the Government provided him with documents regarding all of the firearms that were seized. Howard has failed to allege any prejudice resulting from the absence in the indictment of the specification of his prior conviction and failed to demonstrate any prejudice resulting from the absence in the indictment of the specification of the firearms. United States v. Nevers, 7 F.3d 59, 62 (5th Cir. 1993).

Howard further argues that the district court erred in denying his motion for change of venue without first conducting a hearing and without questioning the jury panel regarding prejudice. Howard's motion was not sufficiently specific to warrant an evidentiary hearing. Even on appeal, Howard fails to state any particulars concerning the nature and amount of publicity that he contends was prejudicial. He does not aver what evidence he would have produced if given the opportunity. Howard has not shown that the district court abused its discretion in denying his motion for change of venue without conducting an evidentiary hearing. United States v. Smith-Bowman, 76 F.3d 634, 637 (5th Cir.), cert. denied, 518 U.S. 1011 (1996).

Howard next complains that the district court erred in denying his motion to suppress. He argues that the evidence of the firearms seized after his arrest should have been suppressed because he was arrested without a warrant and without probable cause. Based on the facts known to the authorities, probable cause existed for the arrest of the occupant of the Oldsmobile that was

2

traveling with the Suburban, and Howard was that occupant. The district court did not err in denying Howard's motion to suppress. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Tellez, 11 F.3d 530, 532 (5th Cir. 1993).

Howard insists that the Government "introduced no proof that [he] had been convicted of any offense punishable by imprisonment for a term exceeding one year." We find that the evidence of Howard's prior felony conviction was sufficient based on the testimony of ATF Agent Young and Deputies Howell and Rivera.

Howard urges that ATF Agent Robert White's testimony was insufficient to prove the element of "in and affecting commerce." White testified that all of the subject firearms were manufactured outside the State of Texas. An expert's testimony that the firearm was manufactured outside the state in which it was found is sufficient to prove interstate nexus. United States v. Privett, 68 F.3d 101, 104 (5th Cir. 1995).

Howard does not adequately argue, by way of record citations or by application of the facts to the law, the issue of insufficiency of the evidence relating to his possession of the firearms. We therefore deem this issue to have been forfeited. United States v. Valdiosera-Godinez, 932 F.2d 1093, 1099 (5th Cir. 1991).

Howard also argues that the "Resolution of Disputed Factors procedure in U.S.S.G. Section 6A1.3 was not followed by the court." He further contends that "[a]dequate opportunity to present

3

information to the Court was not afforded. Additionally, the required hearing procedures in Fed. R. Crim. P. 32(a)(1) were not followed and Defendant had no notice of the Court's tentative findings prior to sentencing." He asserts that he had no meaningful opportunity to rebut the Government's facts. Howard contends that the Government failed to prove that his conduct involved five to seven firearms, supporting a two-level upward adjustment.[1]

The district court did not clearly err in determining that Howard was in possession of not only the two firearms in his own vehicle but was in constructive possession of the seven firearms in the Suburban. See United States v. Ramos, 71 F.3d 1150, 1157 and n.25 (5th Cir. 1995).

Finally, Howard fails to explain how the sentencing procedures employed by the district court, which included notice of the probation officer's recommendations in the PSR, an opportunity to object to the PSR, a sentencing hearing, and a specific factual finding on his objection, failed to comply with the cited rules. We do not address these arguments because Howard failed to brief them adequately. Valdiosera-Godinez, 932 F.2d at 1099.

---

[1] Although it appeared from his statement of the issues that Howard also intended to challenge the district court's calculation of his base offense level based on his possession of several Norinco rifles, in the argument portion of his brief, Howard merely mentions this objection but does not provide any argument. His argument focuses on the number of firearms only. Thus, any issue relating to the base offense level is considered forfeited. Valdiosera-Godinez, 932 F.2d at 1099.

4

AFFIRMED.